IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | 1:11CR402-1 |
| JORGE PETER CORNELL, | ) | 1:11CR402-2 |
| also known as "King J" and "King Jay"; | ) | 1:11CR402-3 |
| RUSSELL LLOYD KILFOIL, | ) | 1:11CR402-4 |
| also known as "King Peaceful" and | ) | 1:11CR402-9 |
| "Jonathan Hernandez"; | ) | 1:11CR402-12 |
| RANDOLPH LEIF KILFOIL, | ) | 1:11CR402-13 |
| also known as "King Paul"; | ) | 1:11CR402-14 |
| JASON PAUL YATES, | ) | |
| also known as "King Squirrel"; | ) | |
| SAMUEL ISAAC VELASQUEZ, | ) | |
| also known as "King Hype"; | ) | |
| IRVIN VASQUEZ, | ) | |
| also known as "King Dice"; | ) | |
| CARLOS COLEMAN, | ) | |
| also known as "King Spanky"; | ) | |
| ERNESTO WILSON, | ) | |
| also known as "King Yayo", | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter came before the Court for a pre-trial hearing on October 9, 2012, during which the parties had the opportunity to address all Motions pending before the Court. The Court ruled from the bench on several of the parties' Motions.[1] The Court now issues the

---

[1] The Court reserved ruling on two Motions, namely Defendant Carlos Coleman's Motion in Limine [Doc. #237] and Defendant Ernesto Wilson's Motion in Limine [Doc. #230]. Specifically, with regard to Defendant Coleman's Motion in Limine, Defendant Coleman indicated that the witness whose testimony he seeks to exclude on relevancy grounds is not currently listed on the Government's witness list for trial. Therefore, at Defendant Coleman's request, the Court reserved ruling on Defendant Coleman's Motion in Limine unless or until such time as the Government seeks to introduce the challenged testimony or other related

present Order to memorialize its rulings made during the October 9, 2012, hearing.

The Court first heard a Motion to Withdraw as Counsel [Doc. #236] filed by Mr. Scott Holmes, counsel for Defendant Ernesto Wilson, and a Motion to Withdraw [Doc. #238] filed by Ms. Anne Littlejohn, counsel for Defendant Jason Yates. With regard to the Motion to Withdraw as Counsel filed by counsel for Defendant Wilson, Mr. Holmes indicated at the hearing that the basis for the Motion was Defendant Wilson's refusal to meet with Mr. Holmes on October 5, 2012, and Defendant Wilson's subsequent request for new counsel. However, Mr. Holmes indicated that after meeting with Defendant Wilson prior to the October 9, 2012, hearing, Defendant Wilson requested that Mr. Holmes withdraw the pending Motion to Withdraw as Counsel, and that Mr. Holmes continue as counsel for Defendant Wilson in this case. The Court inquired about this matter with Defendant Wilson directly, and Defendant Wilson confirmed that he wanted Mr. Holmes to remain as his counsel in this case. Based on Defendant Wilson's representations to the Court, the Court finds that the Motion to Withdraw as Counsel [Doc. #236] filed by Mr. Scott Holmes is now moot, and Mr. Holmes will remain as counsel for Defendant Wilson in this case.

With regard to the Motion to Withdraw filed by counsel for Defendant Yates, Ms. Littlejohn indicated at the hearing that she had become overwhelmed by the enormous discovery requests in this case and that, as a result, she had failed to adequately prepare for the

---

evidence. With regard to Defendant Wilson's Motion in Limine, the Court reserved ruling on Defendant Wilson's challenge to the introduction of testimony that Defendant Wilson is a member of the Latin Kings and that he joined in the conspiracy charged in this case, subject to the Government introducing the proper foundational evidence regarding each of those matters.

trial scheduled to begin on October 15, 2012. Specifically, Ms. Littlejohn indicated that, based on her representation in this case to date, she believes Defendant Yates has not had the benefit of being able to fully discuss the case with counsel, and that Defendant Yates would therefore be prejudiced should he be forced to proceed to trial at this time with Ms. Littlejohn as counsel. The Court inquired about this matter with Defendant Yates directly, and Defendant Yates indicated that he had not yet seen any discovery relating to his case nor had he had any attorney visits from his counsel. Based on the representations made to the Court by both Ms. Littlejohn and Defendant Yates, the Court finds that Ms. Littlejohn has failed to adequately prepare herself and her client for trial. Therefore, the Court will grant the Motion to Withdraw filed by Ms. Littlejohn. As a result, the Court will further order that Defendant Yates be severed from the October 15, 2012, trial in this case.

The parties next addressed a Motion to Strike Government Demand for Alibi Under Rule 12.1 ("Motion to Strike") [Doc. #216] filed by Defendant Cornell.[2] At the hearing, Defendant Cornell argued that the Government's Demand for Alibi Under Rule 12.1 ("Demand") fails to comply with Federal Rule of Criminal Procedure 12.1 in that the Demand does not include the specific date, time, and place of any of the alleged overt acts for which the

---

[2] The Court notes that Defendant Russell Kilfoil filed a Motion to Adopt [Doc. #234] Defendant Cornell's Motion to Strike. In addition, Defendant Carlos Coleman filed a Motion to Adopt [Doc. #239] Defendant Cornell's Motion to Strike, as well as to adopt the Motion in Limine Regarding Expert Testimony [Doc. #221] and the Motion in Limine [Doc. #222] regarding an alleged altercation involving Defendant Cornell and alleged communications between Defendant Cornell and others. Without regard to the ultimate determination on the substance of the underlying Motions, the Court will grant Defendant Russell Kilfoil's Motion to Adopt [Doc. #234] and Defendant Coleman's Motion to Adopt [Doc. #239].

3

Government seeks alibi information. As such, Defendant Cornell argued that Defendants should not be required to provide any response to the Government's Demand. The Government, in response, argued that the discovery provided to Defendants in this case includes the specific date, time, and place for each overt act alleged, and therefore Defendants are on sufficient notice to respond to the Demand.

In considering Defendant Cornell's Motion to Strike, and the arguments made at the hearing, the Court notes that although the Government's Demand includes general dates associated with the overt acts alleged in the Superseding Indictment, the Demand does not include specific times or places of the overt acts. Rather, the Government's Demand simply refers the Court to the pages of the Superseding Indictment that describe the overt acts alleged in this case. The Court further notes that the Superseding Indictment does not set forth specifics as to the date, time, and place for any of the overt acts alleged. Therefore, although reference to an indictment in an alibi demand may suffice under Rule 12.1, where the indictment sets forth the specific dates, times, and places of the alleged offenses, such is not the case here. See United States v. Ponzo, No. 97-40009-NMG-5, 2012 WL 2990765, at *1 (D. Mass. July 19, 2012) (finding the Government's demand insufficient where it merely stated: "The time, date and place at which the alleged offense [sic] were committed is set forth in the indictment and enclosed in the trial transcript," and the indictment did not contain sufficient information as to date, time, and place).

Based on all of the information currently before the Court, the Court finds that the Government's Demand does not fully satisfy the requirements of Federal Rule of Criminal

4

Case 1:11-cr-00402-JAB   Document 242   Filed 10/12/12   Page 4 of 13

Procedure 12.1 with regard to providing the requisite date, time, and place of the overt acts alleged in this case. The Court notes that to the extent that the Government may later choose to file a more direct and specific demand for alibi information, the Court will consider that information. However, at this time, and based on the Government's present Demand, the Court will grant Defendant Cornell's Motion to Strike.

The parties next addressed two Motions in Limine filed by Defendant Cornell, and joined by various other Defendants: a Motion in Limine Regarding Expert Testimony [Doc. #221], joined by Defendants Russell Kilfoil, Randolph Kilfoil, Samuel Velasquez, and Ernesto Wilson; and a Motion in Limine [Doc. #222], joined by Defendants Russell Kilfoil, Randolph Kilfoil, and Samuel Velasquez, to exclude evidence of an alleged altercation involving Defendant Cornell at a Target store on May 25, 2010, and evidence of alleged communications involving threats made by Defendant Cornell on December 31, 2009.

With regard to Defendant Cornell's Motion in Limine Regarding Expert Testimony, Defendant Cornell stated at the hearing that he initially sought to exclude the Government's intended expert testimony based on the Government's failure to comply with Federal Rule of Criminal Procedure 16 by not providing Defendants with a written summary of any intended expert testimony, including the expert witness's opinions, basis for such opinions, and the witness's qualifications. However, Defendant Cornell conceded at the hearing that shortly after Defendant Cornell filed his Motion in Limine Regarding Expert Testimony, the Government filed a Notice of Intent to Rely on Expert Testimony ("Notice"). Defendant Cornell indicated that he believed the Notice provided the requisite information as to Officer John Lowes, but

5

challenged the sufficiency of the summary provided for the other listed experts.

In considering Defendant Cornell's Motion in Limine Regarding Expert Testimony, the Court notes that, although it now appears that the Government has filed the requisite Notice of expert testimony under Rule 16, even assuming that the Government failed to strictly comply with Rule 16, automatic exclusion of the expert testimony evidence is not required under Rule 16. See United States v. Figueroa-Lopez, 125 F.3d 1241, 1247 (9th Cir. 1997). Rather, "[t]he decision whether to impose a sanction for a violation of Rule 16(a)(1)(G) rests with the district court's discretion" and the "sanction of exclusion of testimony . . . 'is almost never imposed' absent a constitutional violation of statutory authority for the exclusion." United States v. Mullins, 263 Fed App'x 342, 344 (4th Cir. 2008) (citation omitted). In the present case, based on the Government's Notice and the information provided by the parties at the hearing, the Court will deny Defendant Cornell's Motion in Limine Regarding Expert Testimony to the extent that Defendant Cornell seeks to exclude such expert testimony. The Court notes, however, that Defendants remain free to obtain their own expert witnesses to challenge any position taken by the Government's expert witnesses.

With regard to the other Motion in Limine [Doc. #222] filed by Defendant Cornell, Defendant Cornell indicated that he initially sought to exclude evidence of "an altercation between Defendant Jorge Peter Cornell and potential Government witness Allen Jordan allegedly occurring at Target Department Store in Greensboro, North Carolina on or about May 25, 2010." (Cornell Motion in Limine at 1, [Doc. #222]). However, at the hearing, Defendant Cornell indicated his intent to withdraw the portion of the Motion in Limine related to the

alleged incident at Target, noting that the Government turned over the requested discovery after Defendant Cornell filed the Motion in Limine. As such, the Court considers that portion of the Motion withdrawn, and will not discuss it further herein.

Defendant Cornell thereafter addressed the remaining portion of the Motion in Limine, which seeks exclusion of "evidence concerning communications by Defendant Jorge Peter Cornell to other members of the Latin Kings on December 31, 2009 that were allegedly instructions to harm certain individuals." (Cornell Motion in Limine at 1, [Doc. #222]). Defendant Cornell argued at the hearing that search warrant affidavits, and other materials in the Government's discovery, indicate that the alleged communications from December 31, 2009, were corroborated by audio recordings made by a confidential informant on that date, but that the Government's discovery provided to Defendants at this point does not include any such audio recording or transcript from December 31, 2009. As such, Defendant Cornell argued that the Government should be prohibited from introducing at trial any evidence related to the alleged communications from December 31, 2009.

In response, the Government conceded that references to a recording of the alleged communications from December 31, 2009, were made in error, and that the Government does not have any such recording or transcript in its possession. The Government argued, however, that, although there is no recording of the communications from December 31, 2009, other evidence does exist to support that the alleged communications took place on December 31, 2009. Therefore, the Government argued that it should be allowed to introduce other evidence of the December 31, 2009, communications at trial.

7

Case 1:11-cr-00402-JAB   Document 242   Filed 10/12/12   Page 7 of 13

Based on the information provided at the hearing, the Court will grant in part and deny in part Defendant Cornell's Motion in Limine. Specifically, to the extent that the Government may have intended to introduce an audio recording or any transcript of such a recording from December 31, 2009, the Court will grant Defendant Cornell's Motion in Limine, and such evidence shall be excluded. However, to the extent that the Government intends to introduce any other evidence that can substantiate the alleged communications from December 31, 2009, the Court will deny Defendant Cornell's Motion in Limine, and the introduction of such evidence shall be permitted, subject to the Federal Rules of Evidence and any appropriate objections made at trial.

The parties also addressed a Motion [Doc. #224] filed by Defendant Samuel Velasquez, and joined by Defendants Jorge Cornell, Russell Kilfoil, and Ernesto Wilson, requesting that the Government turn over discovery materials pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and its progeny. Specifically, Defendant Velasquez requested at the hearing that the Government produce information regarding any payments made to or requests for payments made from Government witnesses, any immunity agreements or information regarding special consideration given to any Government witness, any plea agreements involving Government witnesses, and any other evidence that may show bias of any Government witness or otherwise help Defendants prepare for cross-examination of Government witnesses. In response, the Government indicated its intent to turn over the requested information, noting that it was merely waiting until it had the most complete information available for Defendants. Based on the information provided to the Court, the

Court will grant Defendant Velasquez's Motion with the understanding that the Government intends to disclose to Defendants any information regarding plea agreements, payments to witnesses, and other information that may help the Defendants prepare for trial, particularly with regard to potential witness bias.

The parties also addressed a Motion to Suppress [Doc. #231] filed by Defendant Wilson seeking to exclude an out-of-court identification of Defendant Wilson made by Government witness Alan Jordan. At the hearing, Defendant Wilson stated that on January 8, 2012, Officer John Lowes showed Mr. Jordan a single photograph of Defendant Wilson, which Mr. Jordan identified as "Yayo," Defendant Wilson's alleged street name. Defendant Wilson argued that the single-photo identification was impermissibly suggestive, thereby violating Defendant Wilson's due process rights. As such, Defendant Wilson argued that the out-of-court identification should be excluded.

In response to Defendant Wilson's Motion to Suppress, the Government argued that the out-of-court identification in this case was not based on an eyewitness account of an unknown person, but rather was made by someone with a prior relationship to Defendant Wilson. In support of its position, the Government called Officer Johns Lowes to testify to the circumstances surrounding the out-of-court identification and the alleged relationship between Defendant Wilson and Mr. Jordan. Officer Lowes testified that prior to the photo identification on January 8, 2012, Mr. Jordan was shown a video of a robbery allegedly involving Mr. Jordan, Defendant Wilson, and two other people. Officer Lowes testified that Mr. Jordan identified himself in the video and identified three other people, including "Yayo." Officer Lowes further

9

testified that Mr. Jordan thereafter provided a physical description of "Yayo", and then later identified Defendant Wilson's picture as that of "Yayo."

Based on the information presented at the hearing, the Court finds that to the extent that the Court would normally be concerned with the suggestiveness of out-of-court identifications, that concern would typically arise in the case of an individual not otherwise known by the victim or witness making the identification. However, such is not the case here. Officer Lowe's testimony supports the Government's position that Defendant Wilson was not unknown to Mr. Jordan prior to or at the time of the out-of-court identification, in that Mr. Jordan allegedly engaged in the criminal conduct at issue with Defendant Wilson. As such, the Court will deny Defendant Wilson's Motion to Suppress.

The Court also addressed several Motions related to the trial process in this case, ruling as follows: the Court will grant the Motion Regarding Defense Objections at Trial [Doc. #219] filed by Defendant Velasquez, such that the Court will consider an objection made by counsel for any Defendant as an objection by all Defendants; the Court will deny the Motion Regarding Order of Cross-Examination at Trial [Doc. #225] filed by Defendant Velasquez, such that the Court, and not defense counsel, will decide the order of cross-examination during the course of trial; the Court will grant the Motion to Allow Defendants Additional Peremptory Challenges [Doc. #169] filed by Defendants Cornell, Russell Kilfoil, Randolph Kilfoil, and Velasquez, such that Defendants shall jointly have fifteen (15) peremptory challenges to be used in selecting the initial twelve-person jury, plus two (2) additional challenges to be used in selecting the four (4) alternate jurors, and the Government shall have nine (9) peremptory challenges to be used in

10

selecting the initial twelve-person jury, plus two (2) additional challenges to be used in selecting the four (4) alternate jurors; and the Court will grant the Motion to Use A Juror Questionnaire to Aid in Jury Selection [Doc. #182], filed by Defendant Velasquez, and the Supplemental Submission on Jury Questionnaire [Doc. #205], filed by Defendants Cornell, Vasquez, Wilson, and Russell Kilfoil, to the extent that the Court will provide a Jury Questionnaire to the prospective jurors on October 15, 2012, to be completed in advance of the Voir Dire.

IT IS THEREFORE ORDERED that the Motion to Withdraw as Counsel [Doc. #236] filed by Mr. Scott Holmes, counsel for Defendant Ernesto Wilson, is MOOT, and Mr. Holmes shall remain as counsel for Defendant Ernesto Wilson in this case.

IT IS FURTHER ORDERED that the Motion to Withdraw [Doc #238] filed by Ms. Anne Littlejohn, counsel for Defendant Jason Yates, is hereby GRANTED. As a result, IT IS FURTHER ORDERED that Defendant Jason Yates is hereby SEVERED from the October 15, 2012, trial in this case.

IT IS FURTHER ORDERED that the Motion to Strike Government Demand for Alibi Under Rule 12.1 [Doc. #216] filed by Defendant Jorge Cornell is hereby GRANTED as set forth herein.

IT IS FURTHER ORDERED that the Motion in Limine Regarding Expert Testimony [Doc. #221] filed by Defendant Jorge Cornell is hereby DENIED to the extent that Defendant Cornell seeks to exclude such expert testimony.

IT IS FURTHER ORDERED that the Motion in Limine [Doc. #222] filed by Defendant Jorge Cornell is hereby GRANTED IN PART and DENIED IN PART as set forth

11

herein. Specifically, to the extent that the Government may have intended to introduce an audio recording or any transcript of such a recording from December 31, 2009, the Motion in Limine is hereby GRANTED, and such evidence shall be excluded. To the extent that the Government intends to introduce any other evidence that can substantiate the alleged communications from December 31, 2009, the Motion in Limine is hereby DENIED and the introduction of such evidence shall be permitted, subject to the Federal Rules of Evidence and any appropriate objections made at trial.

IT IS FURTHER ORDERED that the Motion [Doc. #224] requesting Brady materials filed by Defendant Samuel Velasquez is hereby GRANTED with the understanding that the Government intends to disclose to Defendants any information regarding plea agreements, payments to witnesses, and other information that may help the Defendants prepare for trial, particularly with regard to potential witness bias.

IT IS FURTHER ORDERED that the Motion to Suppress [Doc. #231] filed by Defendant Ernesto Wilson is hereby DENIED as set forth herein.

IT IS FURTHER ORDERED that the Motion Regarding Defense Objections at Trial [Doc. #219] filed by Defendant Samuel Velasquez is hereby GRANTED, such that the Court will consider an objection made by counsel for any Defendant as an objection by all Defendants.

IT IS FURTHER ORDERED that the Motion Regarding Order of Cross-Examination at Trial [Doc. #225] filed by Defendant Samuel Velasquez is hereby DENIED, such that the Court, and not defense counsel, will decide the order of cross-examination during the course of trial.

IT IS FURTHER ORDERED that the Motion to Allow Defendants Additional Peremptory Challenges [Doc. #169] filed by Defendants Jorge Cornell, Russell Kilfoil, Randolph Kilfoil, and Samuel Velasquez is hereby GRANTED, such that Defendants shall jointly have fifteen (15) peremptory challenges to be used in selecting the initial twelve-person jury, plus two (2) additional challenges to be used in selecting the four (4) alternate jurors, and the Government shall have nine (9) peremptory challenges to be used in selecting the initial twelve-person jury, plus two (2) additional challenges to be used in selecting the four (4) alternate jurors.

IT IS FURTHER ORDERED that the Motion to Use A Juror Questionnaire to Aid in Jury Selection [Doc. #182], filed by Defendant Samuel Velasquez, and the Supplemental Submission on Jury Questionnaire [Doc. #205], filed by Defendants Jorge Cornell, Irvin Vasquez, Ernesto Wilson, and Russell Kilfoil, are hereby GRANTED to the extent that the Court will provide a Jury Questionnaire to the prospective jurors on October 15, 2012, to be completed in advance of the Voir Dire.

FINALLY, IT IS ORDERED that the Defendant Russell Kilfoil's Motions to Adopt [Doc. #234] and Defendant Carlos Coleman's Motion to Adopt [Doc. #239] are hereby GRANTED as set forth herein.

This the 12th day of October, 2012.

*/s/ James A. Beaty*
United States District Judge